# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| SAJJAD HUSSAIN | § | |
| | § | |
| V. | § | A-16-CA-1248-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Petitioner is pro se and has paid the full filing fee in this matter. Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Docket Entry "DE" 1), and Respondent's Answer (DE 12). For the reasons set forth below, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus be **denied**.

## BACKGROUND

Respondent has custody of Petitioner pursuant to a judgment and sentence imposed by the 207th District Court of Hays County, Texas. Petitioner pleaded guilty to one count of failure to appear and was sentenced to a term of imprisonment, which sentence was suspended and Petitioner was placed on community supervision. A year later the state trial court revoked Petitioner's sentence of community supervision and he was sentenced to a term of five years' imprisonment. In this habeas

action Petitioner asserts that he was denied the effective assistance of trial counsel with regard to his guilty plea on the charge of failure to appear. (DE 1 at 6).

## STATEMENT OF THE CASE

### A. Factual and Procedural History

A grand jury indictment returned February 19, 2014, charged Petitioner with the third-degree felony offense of failure to appear at a scheduled court hearing on a pending charge of forgery. (DE 13-3 at 4, 13). On August 28, 2014, pursuant to a written plea agreement, Petitioner entered a plea of guilty to the charge of failure to appear. (DE 13-3 at 6-15). The state trial court sentenced Petitioner to a term of ten years' imprisonment, suspended the imposition of his sentence, and placed him on community supervision for a period of ten years. (DE 13-3 at 7, 17, 19).[1] In the written plea agreement, Petitioner waived his rights to file a motion for new trial and to appeal his conviction and sentence. (DE 13-3 at 9).

The State filed a motion to revoke Petitioner's community supervision on November 25, 2014. (DE 13-3 at 30-31). On December 2, 2014, the trial court ordered the Hays County Sheriff to serve the State's Petition to Revoke Community Supervision on Petitioner. (DE 13-3 at 23).[2] On September 1, 2015, Petitioner pleaded true to the charges in the motion to revoke, (DE 13-3 at 25, 27), and the trial court revoked Petitioner's community supervision. (DE 13-3 at 29-30). On

---

[1] The "Judgment of Conviction By Court–Waiver of Jury Trial" was entered by the 207th Judicial District of Hays County (DE 13-3 at 19), although the Plea Agreement was entered in the 274th Judicial District (DE 13-3 at 8), and the Conditions of Community Supervision and Motion to Revoke Community Supervision and Petitioner's stipulation of true to the violation of community supervision were docketed in the 22nd District Court of Hays County. (DE 13-3 at 17, 21, 25).

[2] The motion to revoke was predicated on Petitioner's failure to abide by the terms of community supervision, including committing the offenses of possession of a controlled substance and possession of a dangerous drug, violation of a protective order, failing to pay court costs, and failing to pay fines or restitution. (DE 13-3 at 118).

January 15, 2016, the trial court reformed its original judgment on the charge of failure to appear, and sentenced Petitioner to a term of five years' imprisonment pursuant to this conviction. (DE 13-3 at 36-37).

On July 13, 2016, Petitioner filed a state application for a writ of habeas corpus, challenging the revocation of the term of community service and the imposition of a term of imprisonment. (DE 13-3 at 38-69). Although Petitioner asked the court to "vacate a judgment of conviction," referencing the revocation of community supervision, Petitioner challenged his initial conviction on the charge of failure to appear. Petitioner asserted he was denied "the effective assistance of counsel when counsel failed to investigate the reason for applicant not appear[ing] at his court hearing." (DE 13-3 at 43). Petitioner alleged that: "the reason why Applicant miss[ed] his court appear[ance] was because he was in the hospital at St David's Medical Center . . . at which time Applicant [was] scheduled to appear in court." (DE 13-3 at 59).[3] Petitioner argued that, because his counsel's advice with regard to the guilty plea was deficient, his "plea of guilty was not knowing and voluntary." *Id.*

In response to the state habeas petition, the State averred:

> Applicant's sole complaint for review is that counsel failed to investigate Applicant's location at the time of a hearing. It is a defense to prosecution under the Bail Jumping statute that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release.
>
> ∗∗∗
>
> Here, Applicant failed to contact the court during the 136 days from the hearing he missed while in the hospital until the time he was rearrested. Applicant missed a total of three hearings after his initial indictment and was finally placed on probation. (See Exhibits "B," "E," & "1.")

---

[3] Attached to Petitioner's state habeas action is a report from St. David's Medical Center dated January 14, 2014, noting that Petitioner was seen at 10:21 a.m., complaining of "mild pain" in his left elbow, as a result of a fall at his residence just prior to his arrival at the hospital. (DE 13-3 at 66). Petitioner was discharged at approximately 1:19 p.m. with a prescription for Naproxen. (DE 13-3 at 68).

3

(DE 13-3 at 76). The Texas Court of Criminal Appeals denied the application for state habeas relief without written order on September 14, 2016. (DE 13-1). Petitioner filed the instant federal habeas petition on November 8, 2016.

**B.     Petitioner's Grounds for Relief**

Petitioner alleges he is entitled to federal habeas relief because he was denied the effective assistance of counsel at his guilty plea proceeding. Petitioner asserts his counsel failed to investigate "the facts and laws" with regard to Petitioner's failure to appear, and that counsel was not familiar with the reasons underlying Petitioner's failure to appear. Respondent argues that the habeas petition should be dismissed as time-barred.

## **ANALYSIS**

Petitioner's application is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations for state inmates seeking federal habeas corpus relief. Under the AEDPA, a state prisoner has one year to file a federal petition for habeas corpus, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner challenges the voluntariness of his guilty plea, which led to his placement on community supervision. Although an order of deferred adjudication is not a judgment under Texas law, the Fifth Circuit Court of Appeals has found that it is a judgment under relevant federal law, including AEDPA's statute of limitations. *See Tharpe v. Thaler*, 628 F.3d 719, 722-24 (5th Cir. 2010) (affirming the holding in *Caldwell)*; *Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) (finding a state court order of deferred adjudication community supervision was a final judgment for purposes of triggering the federal habeas limitations period). The statute of limitations for

challenging the original guilty plea began to run when the trial court's order deferring adjudication "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Accordingly, Petitioner's conviction became final on September 27, 2014, thirty days after he entered his guilty plea, when the time for appealing his plea expired, notwithstanding his waiver of appeal. *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). Therefore, Petitioner had until September 27, 2015, to timely file his federal application for a writ of habeas corpus under § 2254. Petitioner did not execute his federal application for habeas corpus relief until November 8, 2016, more than a year after the statute of limitations expired. Although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," Petitioner's state habeas petition, filed July 13, 2016, did not toll the limitations period because it was not filed until after the AEDPA's one-year statute of limitations expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

A federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling of the statute of limitations if "he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Petitioner does not contend he is eligible for equitable tolling; Petitioner has not filed a reply to the response to his petition, in which response the State asserts his petition is time-barred. In *McQuiggin*, the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas

5

petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial, and must show that it was more likely than not that, in light of the new evidence, no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Id.* at 326-27. "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-24 (1998). Petitioner does not assert his actual innocence of the crime of failure to appear.

Additionally, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Petitioner has not shown that he could not have discovered the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## CONCLUSION

Petitioner's application for habeas corpus relief is time-barred.

## RECOMMENDATION

It is, therefore, recommended that Petitioner's Application for Writ of Habeas Corpus be **dismissed with prejudice**.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED this 16th day of June, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE